UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TOM GBANLUE WYLIE,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 13-1301 (SRN/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility at Moose Lake, Minnesota. He is serving a 144-month prison sentence that was imposed in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty of first degree criminal sexual conduct. (Petition, p. 1.)

After Petitioner was convicted and sentenced, he filed a direct appeal. The primary issue raised on direct appeal was whether Petitioner had been deprived of his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

constitutional right to testify at his trial. Petitioner contends that he tried to raise other claims in his direct appeal, but his efforts to do so were frustrated by his attorney. (See Petition, p. 2, § 9(f); p. 4, § 11(b)(5); p. 6, § 12["Ground One"](c)(2),(d)(7); p. 7, § 12["Ground Two"](b)(c); p. 9, § 12["Ground Three"](c); p. 11, § 12["Ground Four"](d)(7); p. 12, § 13(a).) The Minnesota Court of Appeals denied Petitioner's "right to testify" claim on the merits, and affirmed his conviction and sentence. State v. Wylie, No. A12-107 (Minn.App. 2013), 2013 WL 599146, (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on April 30, 2013. (Id.)

Petitioner's current habeas corpus petition lists four grounds for relief:

(1) Petitioner was deprived of his constitutional right to examine his accuser.

(2) Petitioner was deprived of his constitutional right to effective assistance of counsel at trial, and on his direct appeal.

(3) Petitioner was deprived of his constitutional right to examine his accuser.[2]

(4) Petitioner was deprived of his constitutional rights because (a) the State did not adequately investigate the truthfulness of the testimony provided by the State's witnesses, (b) the state courts did not give adequate consideration to the evidence offered by Petitioner, and (c) Petitioner was prevented from giving his complete testimony to the jury.[3]

---

[2] "Ground Three" of the current petition appears to be substantially the same as "Ground One."

[3] The Court's synopsis of Petitioner's four grounds for relief is based on a very beneficent interpretation of his petition. In truth, Petitioner's claims for relief are nearly impossible to decipher. He has done an extremely poor job of identifying each specific claim for relief that he is attempting to raise, and he has done an equally poor job of

2

It is readily apparent, however, that most of Petitioner's current grounds for relief were not raised in his direct appeal. Therefore, Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

---

describing the factual and constitutional basis for each of his claims.

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, Petitioner acknowledges that some of his current claims for relief have not been raised in the state courts. (See Petition, p. 7, § 12["Ground Two"](c)(1); p. 12, § 13(a).) Indeed, it clearly appears that Petitioner has exhausted only one of his claims, namely the "right to testify" claim that was raised and decided on direct appeal. All of the other claims raised in Petitioner's current habeas corpus petition are "unexhausted" for federal habeas purposes.[4]

Furthermore, there is a state court remedy that might still be available for some or all of Petitioner's unexhausted claims -- i.e., a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been

---

[4] Petitioner seems to be arguing that some of his current claims for relief were not raised in his state court appeal, because his attorney did not properly represent him on appeal. However, a federal habeas petitioner cannot rely on ineffective assistance of counsel to excuse his failure to raise claims in the state courts, unless that argument, (i.e., the ineffective assistance of counsel claim), has previously been raised in the state courts. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489). See also Wyldes v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert. denied, 517 U.S. 1172 (1996).

previously raised on direct appeal. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide whether Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[5]

Because Petitioner has not met the exhaustion of state court remedies requirement for some of his current claims for relief, he has filed a "mixed petition." The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, it will be recommended that the action be dismissed

---

[5] At this point, it cannot be determined whether the state courts actually will adjudicate Petitioner's unexhausted claims on the merits. As noted in the text, the Minnesota state courts normally will decline to entertain post-conviction claims that could have been raised on direct appeal. As a general rule, however, post-conviction claims of ineffective assistance of appellate counsel can properly be raised in a post-conviction motion. Leake v. State, 737 N.W.2d 531, 535-36 (Minn. 2007). Therefore, if Petitioner is attempting to challenge his conviction based on ineffective assistance of appellate counsel, (which appears to be the case), that claim presumably would be addressed on the merits in a state post-conviction proceeding. However, if any future state post-conviction claims are rejected because they are procedurally barred, those claims will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

without prejudice, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims, (presumably by filing a state post-conviction motion pursuant to Minn.Stat. § 590.01). Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993). <u>See</u> <u>also</u> <u>Nelson</u>, <u>supra</u>.

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. <u>Jackson v. Domire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (<u>per</u> <u>curiam</u>); <u>Victor v. Hopkins</u>, 90 F.3d 276, 282 (8th Cir. 1996), <u>cert</u>. <u>denied</u>, 519 U.S. 1153 (1997); <u>Doty v. Lund</u>, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999). If Petitioner intends to exercise that option here, he should file an entirely new amended petition that includes only fully exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation.[6] If Petitioner does not file an amended petition before that deadline, he should be deemed to have waived the option to amend, and this action should be summarily dismissed without prejudice. Petitioner should note that if he does file an amended petition that includes only exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. <u>See</u> 28 U.S.C. § 2244(b)(2).

---

[6] It seems quite clear that the only claim for which Petitioner has exhausted his state court remedies is the "right to testify" claim that was raised in his direct appeal. Therefore, if Petitioner attempts to file an amended petition that includes any other claim, (i.e., any claim other than his "right to testify" claim), the amended petition will almost certainly be rejected for the same reason that the current petition must be rejected. In other words, if Petitioner files another habeas corpus petition that includes unexhausted claims, that new petition – like the present petition – will have to be summarily dismissed due to non-exhaustion.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.

Dated: June 18, 2013     s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 9, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.